IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TAPRINA MCCLAIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.1:17-cv-264-WKW-TFM |
| | ) | |
| | ) | [WO] |
| HOUSING AUTHORITY OF THE | ) | |
| CITY OF DOTHAN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# REPORT AND RECOMMENATION OF THE MAGISTRATE JUDGE

## I.     Introduction

Pursuant to 28 U.S.C.§ 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  (Doc.16). Pending before the Court is Plaintiff's Motion for a Preliminary Injunction.  (Doc. 1).  For good cause, it is the Recommendation of the Magistrate Judge that Plaintiffs' Motion for Preliminary Injunction be granted as set out herein.

## II.     Standard of Review

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.,* 268 F. 3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.,* 896 F.2d 1283,

1

1284 (11th Cir.1990)). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). The party seeking the preliminary injunction bears the burden of establishing its entitlement to relief. *Scott v. Roberts,* 612 F. 3d 1279, 1289 (11th Cir. 2010) (citation omitted).

To obtain a preliminary injunction, the moving party must establish the following prerequisites: "(1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs,* 788 F.3d 1318, 1322 (11th Cir. 2015) (citing *Burk v. Augusta-Richmond Cnty.,* 365 F. 3d 1247, 1262-63 (11th Cir. 2004). "[A] preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *GeorgiaCarry.Org,,* 788 F.3d at 1322. The moving party's failure to demonstrate a single element may defeat the request regardless of the party's ability to establish any of the other elements. *See, e.g., Siegel v. LePore,* 234 F. 3d 1163, 1176 (11th Cir. 2000) (failure to show irreparable injury); *Church v. City of Huntsville*, 30 F. 3d 1332, 1342 (11th Cir. 1994) (failure to establish substantial likelihood of success on the merits.)

### III. Discussion

#### A. Facts

On June 19, 2017, this Court held a hearing on the Plaintiff's Motion for Preliminary Injunction. (Doc. 1). Plaintiff, Taprina McClain, was present and represented by counsel at the hearing. Counsel for the Defendant, the Housing Authority of the City of Dothan ("DHA"), also appeared. At the hearing, Plaintiff's counsel represented to the Court that because Plaintiff is currently not receiving Section 8 benefits, she faces an eviction proceeding for non-payment of rent as early as this week. Neither party, however, presented any testimony or documentary evidence at the hearing. Thus, the evidence before the court is limited to the allegations in the Complaint and the documentary evidence Plaintiff submitted with the Complaint. Also, Defendant filed a Response to the Motion for Preliminary Injunction (Doc. 21), and Plaintiff filed a Brief in Support of her Motion. (Doc. 23).

Plaintiff and her minor children have been participants in the Housing Assistance program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f. since 2008. Plaintiff resided in the rental property which is the subject of this lawsuit from January 1, 2015 until December 31, 2016. (Doc. 1 Exh. 1). The Dothan Housing Authority ("DHA") inspected Plaintiff's unit on October 29, 2015. The inspection checklist noted several items needing repair for which the landlord was responsible. The landlord made the repairs, and the unit passed inspection on November 23, 2015. (Doc. 1 Exh. 3).

DHA again inspected the unit on October 27, 2016, and the inspection checklist noted a number of items needing repair for which the landlord was responsible. On

November 14, 2016, DHA sent a letter to the landlord advising him he was in breach of the Housing Assistance Payments Contract because he had not completed the repairs. The landlord made the repairs and certified they were completed on November 16, 2016. The unit passed inspection on that date. (Doc. 1 Exh. 5). The checklist also noted that the Plaintiff was responsible for cleaning the carpet in the entire unit. Plaintiff rented a carpet cleaner and certified that she repaired the carpet on November 7, 2016. (Doc. 1 Exh. 5).

Plaintiff alleges that she informed the landlord of her intention to discontinue the lease which expired on December 31, 2016. (Doc. 1 para. 5). Thereafter, on December 8, 2016, Plaintiff's landlord sued her in state district court alleging damages to the rental property totaling $10,000.00. Plaintiff disputed the amount of damages in state court. (Doc. 1 Exh. 6). Plaintiff moved out of the unit on December 31, 2016, and transferred her Section 8 voucher to a new unit with a new landlord. (Doc. 1 para. 19). Following trial, the state district judge entered an Order finding Plaintiff owed the landlord $889.00 plus the cost of court. The Order stated, however, that the landlord "failed to provide evidence to determine the value of damages claimed." (Doc.1 Exh. 7).

By letter dated March 28, 2017, Esther McClyde Marshall, Section 8 Coordinator for DHA, notified Plaintiff that it was terminating her Section 8 Assistance on April 30, 2017. Specifically, the letter stated

> "The decision to terminate your assistance was based on: 4. Obligations of the Family D. 7. The family (including each family member) must not: Damage the unit or premises (other than damage from ordinary wear and tear) or permit any guest to damage the unit or premises."

(Doc. 1 Exh. 8)[1]. Thereafter, Plaintiff received an informal hearing on the denial where she was represented by counsel. (Doc. 1 para. 22-23).

By letter dated April 14, 2017, Maggie Perez, Interim Executive Director for DHA, notified Plaintiff that the decision to terminate her assistance from the Section 8 Housing Voucher Program would be upheld. Specifically, the letter stated

> "At the informal hearing, you acknowledged the trial was held and the landlord was given judgment against you to a reduced amount of damages. You and your lawyers stated the damages presented were excessive and not accurate. You made the case that the damages were not beyond normal wear and tear of the premises. Your lawyers indicated that you would be making a repayment of damage costs to your former landlord, Mr. Bobby Ware.
> The facts remain that you had due process in this matter and have been given the opportunity to dispute the claim in a court with legal jurisdiction. The court ruled in favor of the landlord based on the evidence presented at trial. Therefore, I have no alternative but to uphold the decision to terminate your assistance from Section 8 Housing Voucher Program for violation of the Obligations of the family."

Plaintiff claims that she was denied due process of law because the DHA failed to exercise its discretionary authority, under 24 C.F.R. § 982.552(c)(2)(i) and 24 C.F.R.§ 982.555(e)(6), and failed to take all relevant circumstances (including mitigating circumstances) into account. (Doc. 1 para. 27).

---

[1] The Court notes that this ground for termination was contained in form HUD-52646 which was attached to the April 14, 2017 decision letter to Plaintiff (Doc. 1 Exh.9) and was set out in full in the March 28, 2017 letter to Plaintiff advising her of the decision to terminate and her right to an informal hearing (Doc. 1 Exh. 8). This ground for termination is set forth in 24 C.F.R. § 982.404(b)(iii) and referred to in 24 C.F.R. § 982.551 (c) which made the family "responsible for an HQS breach caused by the family as described in § 982.404(b)."

**B. Analysis**

**1. Substanial Likelihood of Success on the Merits**

The primary issue before the Court is whether the DHA opinion letter following the informal hearing demonstrates Plaintiff was afforded due process of law in her Section 8 termination proceedings. Addressing the amount of process due a recipient of federal aid under New York State's general Home Relief program, the United States Supreme Court stated

> [T]he decisionmaker's conclusion as to a recipient's eligibility must rest solely on the legal rules and evidence adduced at the hearing. To demonstrate compliance with this elementary requirement, *the decision maker should state the reasons for his determination and indicate the evidence he relied on, though his statement need not amount to a full opinion or even formal findings of fact or conclusions of law.* And, of course, an impartial decision maker is essential.

*Goldberg v. Kelly*, 397 U.S. 254, 271 (1970). (Emphasis Added.) (Internal citations omitted.) Further, the Eleventh Circuit has held that the defendant bears the burden of proof in an informal Section 8 termination hearing. *See Basco v. Machin,* 514 F.3d 1177, 1181-84 (11th Cir. 2008) (Reversing and remanding summary judgment entered in favor of the Defendant Housing Authority on the basis that the Housing Authority's burden was not met by submission of unauthenticated copies of police reports.) *See also, Sanders v. Sellers-Earnest,* 768 F. Supp.2d 1180, 1185 (M.D. Fla. 2010) (Granting Section 8 Plaintiff's motion for preliminary injunction and holding that the Housing Authority has the burden of persuasion in a Section 8 termination hearing). Indeed, the Housing Authority "'must initially present sufficient evidence to establish a prima facie case' that

Plaintiff violated her Section 8 obligations in a manner justifying termination . . . [t]hereafter the Section 8 participant has the burden of production." *Id*. citing *Basco.*

Plaintiff argues that she can demonstrate a substantial likelihood that she will succeed on the merits of her case because the regulations involving Public Housing Authority decision-making mandate the use of discretion. Indeed, 24 C.F.R. 982.552(c)(2)(i) states as follows:

> (2) Consideration of circumstances. In determining whether to deny or terminate assistance because of action or failure to act by members of the family:
> (i) The PHA may consider all relevant circumstances such as the seriousness of the case, the extent of participation or culpability of individual family members, mitigating circumstances related to the disability of a family member, and the effects of denial or termination of assistance on other family members who were not involved in the action or failure.

Plaintiff also points to 24 C.F.R.§ 982.555(e)(6) as requiring consideration of "individual circumstances." That section states as follows:

> (6) Issuance of decision. The person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision. Factual determinations relating to the *individual circumstances of the family* shall be based on a preponderance of the evidence presented at the hearing. A copy of the hearing decision shall be furnished promptly to the family.

(Emphasis Added). The parties cite the Court to a Massachusetts State Court opinion which holds that these sections require a Housing Authority decision hearing officer to demonstrate discretion in the termination of Section 8 benefits by making specific factual findings and considering all relevant circumstances of the damage to the apartment. *See Carter v. Lynn Hous. Auth.,* 880 N.E. 2d 778 (Mass. 2008). However, neither the parties

nor the Court have found any Eleventh Circuit cases which have addressed this specific set of facts and interplay between these specific code sections.

Defendant argues that the word "may" in 24 C.F.R. 982.552(c)(2)(i) does not require that these factors must be considered, but rather that the language leaves it up to the decision maker's discretion whether to consider them. However, Defendant argues that even if these sections require the decision maker to exercise discretion, the decision maker's letter clearly stated the reason for her decision to deny benefits and pointed to the facts she relied upon. Indeed, the fact of damage was determined by the trial judge in state court where the judge awarded damages in favor of the landlord and against Plaintiff in the amount of $889.00 for damages to the apartment unit. (Doc. 1 Exh. 9). Further in the letter, the decision maker pointed to Plaintiff's arguments made at the informal hearing including Plaintiff's position that these damages "were excessive and not accurate," that they "were not beyond normal wear and tear" and that Plaintiff "would be making a repayment of damage costs to your former landlord" as a basis for non-termination of benefits. (Doc. 1 Exh. 9). The decision maker ultimately rejected these arguments. Thus, Defendant argues the decision maker used all discretion required under the law.

The Court disagrees. First, as a matter of common sense, it troubles the Court that a hypothetical Plaintiff, finding herself in the same Section 8 termination proceeding, could, under Defendants' rational, find her benefits terminated for damages amounting to $1.00 without further consideration by DHA of the surrounding circumstance of the damage and of Plaintiff's particular personal and familial circumstances. Indeed, the Court

does not read the applicable code sections as allowing a termination solely on the basis of damage to the unit, regardless of the amount --whether one dollar or one-thousand dollars.

Rather, the Court reads the language of 24 C.F.R. 982.552(c)(2)(i) to include a non-exhaustive list of factors to be considered in the course of terminating benefits. More to the point, the Court interprets the word "may" as used in the statute as an indicator that these and other factors outside the damage to the property should be considered in the termination process rather than as an indicator that the decision maker may choose whether to consider them at all. Indeed, the "such as" wording in 24 C.F.R. 982.552(c)(2)(i) indicates other factors may exist outside those listed in the code section that should be considered in a decision to terminate housing benefits. Second, the Court is persuaded that the language of 24 C.F.R. § 982.555(e)(6) mandates the decision maker's discretion. Specifically, that section makes "individual circumstances of the family" relevant to the decision affecting termination of benefits and prescribes a preponderance of the evidence standard for proof of such circumstances. Finally, the Court interprets the interplay between these sections and 24 C.F.R.§ 982.404(b)(2), which allows a Section 8 participating family the opportunity to cure the defect "within no more than 30 calendar days, (or any [authority]-approved extension)," as confirming that a decision maker's discretion is required.

Accordingly, the Court concludes that Plaintiff has demonstrated a substantial likelihood she will succeed on the merits of her due process claim because the Section 8 hearing decision maker indicated that she had "no alternative" and therefore no discretion in the decision to terminate Plaintiff's Section 8 benefits. *See, Badri v. Mobile Housing*

*Board,* 2011 WL 3665340 *5 (S.D. Ala. 2011) (Granting Section 8 Plaintiff's motion for preliminary injunction concluding Plaintiff "demonstrated more than a substantial likelihood of success on the merits of his due process claim due to [Defendant's] failure to afford him the opportunity to confront and cross-examine its witnesses"). Having so concluded, the Court will turn its attention to whether Plaintiff has met her burden of demonstrating the remaining three factors requiring injunctive relief. *Scott,* 612 F. 3d at 1289.

### 2. Remaining Factors for Injunctive Relief

Plaintiff argues that without her Section 8 benefits she is unable to cover the rent in her new apartment and is facing eviction proceedings as early as this week. (Doc. 23 at p.3). She further argues that she will suffer irreparable injury unless the injunction issues. The Court agrees; Plaintiff has demonstrated an irreparable injury – that is displacement from her current residence without due process of law. *See*, *Johnson v. U.S. Dept. Agriculture,* 734 F.2d 774, 789 (11th Cir. 1984) (Reversing district court's denial of preliminary injunction to prevent nonjudicial foreclosure and holding "irreparable injury is suffered when one is wrongfully ejected from his home.") The Eleventh Circuit further explained

> "Real property and especially a home is unique. These plaintiffs suffer irreparably if they must live in inadequate, often health endangering housing for any period of time as a consequence of a wrongful ejectment."

*Id. See, also, Badri,* 2011 WL 3665340 *3 (Granting Section 8 Plaintiff's motion for preliminary injunction concluding "significant reduction in public benefits to impoverished citizens constitutes irreparable injury to them.") (Citations omitted). Thus, the Court

10

concludes that Plaintiff, a Section 8 housing participant, has demonstrated she will be irreparably harmed by her inability to pay rent on her new unit if her Section 8 benefits are terminated without due process of law.

Next, the Court must consider whether the threatened injury – Plaintiff's termination of Section 8 benefits and ultimate displacement from her current residence without due process of law -- outweighs the possible harm that the injunction may cause to DHA and whether the injunction would disserve the public interest. *GeorgiaCarry.Org,* 788 F.3d at 1322. The Court concludes that Plaintiff's displacement from her current residence without due process of law outweighs any harm that the injunction may cause DHA. In fact, the Court fails to see how any harm can possibly result to DHA for providing Plaintiff a Section 8 hearing where the decision maker exercises discretion and considers Plaintiff's personal and familial circumstances as set forth in the applicable regulations.

Further, the Court fails to see how considerations of due process in a Section 8 hearing can possibly disserve the public interest. Indeed, the United States Supreme Court has specifically held that in the context of proceedings terminating federal housing aid

> "[t]hese [due process] rights are important . . . where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or *on misapplication of rules or policies to the facts of particular cases."*

*Goldberg,* 397 U.S. at 267. (Emphasis added). Thus, the Court concludes that Plaintiff's Motion for Preliminary Injunction (Doc. 1) should be granted to the extent that Plaintiff is afforded a Section 8 termination proceeding which allows an independent determination of damages to the unit and a determination of whether such damage should, under the

applicable regulations, result in the termination of her Section 8 benefits. Finally, the Court notes that Defendant's counsel represented at the June 19 hearing that, if the Court concluded a new Section 8 proceeding is warranted under the facts of the instant case, one could be conducted fairly quickly.

## 2. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion for Preliminary Injunction (Doc.1) be GRANTED to the extent that Plaintiff be afforded a Section 8 termination proceeding which allows an independent determination of damages to the unit and a determination of whether such damage should, under the applicable regulations, result in the termination of her benefits.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **July 6, 2017** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner*

*v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 21st day of June, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE